

**ORDERED in the Southern District of Florida on August 13, 2024.**

_____
**Mindy A. Mora, Judge
United States Bankruptcy Court**
_____

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 23-16430-BKC-MAM |
| Robert Allen Gibson,<br>  Debtor(s).<br>_____/ | Chapter 13 |
| Kelly Landers,<br>  Plaintiff(s),<br>v. | Adv. Proc. No.: 23-01239-MAM |
| Robert Allen Gibson,<br>  Defendant(s).<br>_____/ | |
| Joseph Karam,<br>  Plaintiff(s),<br>v. | Adv. Proc. No.: 23-01240-MAM |
| Robert Allen Gibson,<br>  Defendant(s).<br>_____/ | |
| Dick Dwyer,<br>  Plaintiff(s),<br>v. | Adv. Proc. No.: 23-01241-MAM |

Robert Allen Gibson,
    Defendant(s).
                                      /

## ORDER VACATING ORDER GRANTING ORE TENUS MOTION FOR JOINT ADMINISTRATION AND CONSOLIDATING ADVERSARY PROCEEDINGS FOR DISCOVERY AND TRIAL

THIS MATTER came before the Court *sua sponte*.

On December 5, 2023 (the "December 5 Hearing"), the Court conducted a status conference in the above-referenced matter. At the December 5 Hearing, prior counsel[1] for Robert Allen Gibson ("Gibson") made an *ore tenus* motion to consolidate for discovery and trial three separate adversary proceedings involving Gibson. The three adversary proceedings (the "Gibson Proceedings") are:

    23-01239    Landers v. Gibson
    23-01240    Karam v. Gibson
    23-01241    Dwyer v. Gibson

The Court erroneously entered an order in each of the Gibson Proceedings stating that the Gibson Proceedings would be "jointly administered" instead of "consolidated" for discovery and trial.[2]

The relevant orders are:

    23-01239    Landers v. Gibson    ECF No. 5 (the "Landers Order")
    23-01240    Karam v. Gibson     ECF No. 4 (the "Karam Order")
    23-01241    Dwyer v. Gibson     ECF No. 4 (the "Dwyer Order")

---

[1] The Court authorized prior counsel's withdrawal.

[2] The usage of the term "jointly administered" in those orders was improper because, in this district, the term "joint administration" is used to describe linked main bankruptcy cases.

2

The Court issues this Order to correct the administrative error arising from usage of the term "joint administration" in the Landers Order, the Karam Order, and the Dwyer Order. The Gibson Proceedings will remain consolidated for discovery and trial, as was originally contemplated by the Court's ruling at the December 5 Hearing.

The Court, having reviewed the record of each of the Gibson Proceedings, **ORDERS** that:

1. The Landers Order, the Karam Order, and the Dwyer Order are each VACATED.

2. The Gibson Proceedings remain procedurally consolidated for discovery and trial only. Consolidation does not provide any party with any greater rights than if the Gibson Proceedings were not consolidated.

3. Adversary Proceeding No. 23-01239 (Landers v. Karam) remains designated as the "Lead Adversary Proceeding" solely because this adversary proceeding has the lowest numerical designation. There is no other significance to the selection of this proceeding as the Lead Adversary Proceeding.

4. For each filing in any of the consolidated Gibson Proceedings, the parties are DIRECTED to indicate in the caption that the Gibson Proceedings are "PROCEDURALLY CONSOLIDATED" pursuant to this Order.

5. Discovery notices, requests, responses and motions related to discovery must be filed in the Lead Adversary Proceeding. Discovery must be coordinated between the parties so that depositions, requests for production of documents and other discovery are not unnecessarily duplicated.

6. All general motions, joint pretrial stipulations, and notices regarding any relevant pretrial order and compliance with pretrial requirements must be filed in the Lead Adversary Proceeding, subject to the exceptions provided in this Order.

7. All pleadings, motions directed at the pleadings (i.e. motions to dismiss, motions for judgment on the pleadings, or motions for summary judgment), and court papers relating to such motions must be filed in each individual Gibson Proceeding and may not be submitted on a consolidated basis.

8. The pretrial conferences for all Gibson Proceedings, including all deadlines, must be set for the same date and time. The trial for all Gibson Proceedings will occur on the same date and time.

9. The Clerk is DIRECTED to enter a copy of this Order on the docket for each of the Gibson Proceedings.

###

Copy furnished to:

All interested parties by the Clerk

4