

**ORDERED in the Southern District of Florida on August 13, 2024.**

_____
**Mindy A. Mora, Judge**
**United States Bankruptcy Court**
_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 23-16430-BKC-MAM |
| Robert Allen Gibson,<br>    Debtor(s).<br>_____/ | Chapter 13 |
| Kelly Landers,<br>    Plaintiff(s),<br>v. | Adv. Proc. No.: 23-01239-MAM |
| Robert Allen Gibson,<br>    Defendant(s).<br>_____/ | |
| Joseph Karam,<br>    Plaintiff(s),<br>v. | Adv. Proc. No.: 23-01240-MAM |
| Robert Allen Gibson,<br>    Defendant(s).<br>_____/ | |
| Dick Dwyer,<br>    Plaintiff(s),<br>v. | Adv. Proc. No.: 23-01241-MAM |
| Robert Allen Gibson, | |

Defendant(s).
_____/

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AND PERMITTING REFILING

THIS MATTER came before the Court on the *Motion for Summary Judgment in Favor of Landers and Karam* (ECF No. 42 in Adv. Proc. No. 23-01239) filed on behalf of Kelly Landers and Joseph Karam ("Movants").

On December 5, 2023 (the "December 5 Hearing"), the Court conducted a status conference in the above-referenced matter. At the December 5 Hearing, prior counsel[1] for Robert Allen Gibson ("Gibson") made an *ore tenus* motion to consolidate for discovery and trial three separate adversary proceedings involving Gibson. The three adversary proceedings (collectively, the "Gibson Proceedings") are:

| 23-01239 | Landers v. Gibson | Landers Proceeding |
| 23-01240 | Karam v. Gibson   | Karam Proceeding   |
| 23-01241 | Dwyer v. Gibson   | Dwyer Proceeding   |

The Court erroneously entered an order in each of the Gibson Proceedings stating that the Gibson Proceedings would be "jointly administered" instead of "consolidated" for discovery and trial.[2]

The relevant orders are:

| 23-01239 | Landers v. Gibson | ECF No. 5 (the "Landers Order") |
| 23-01240 | Karam v. Gibson   | ECF No. 4 (the "Karam Order")   |
| 23-01241 | Dwyer v. Gibson   | ECF No. 4 (the "Dwyer Order")   |

---

[1] The Court authorized prior counsel's withdrawal.

[2] The usage of the term "jointly administered" in those orders was improper because, in this district, the term "joint administration" is used to describe linked main bankruptcy cases.

2

The Court issued an Order (ECF No. 43 in the Landers Proceeding) (the "Consolidation Order") correcting the administrative error arising from usage of the term "joint administration" in the Landers Order, the Karam Order, and the Dwyer Order. The Consolidation Order provides that Gibson Proceedings will remain consolidated for discovery and trial, as was originally contemplated by the Court's ruling at the December 5 Hearing. It also provides that dispositive motions, including motions for summary judgment, must be filed in the respective adversary proceeding for each of the plaintiffs to the Gibson Proceedings. *See* Consolidation Order at ¶ 7.

Based upon entry of the Consolidation Order, the Court **ORDERS** that the Motion is denied without prejudice as non-compliant with the Consolidation Order. Counsel for Landers and Karam may refile a motion for summary judgment (with all necessary corrections) in the Landers Proceeding and Karam Proceeding.

###

Copy furnished to:

Jeffrey Siskind, counsel for Movants

*Attorney Siskind is directed to serve a copy of this Order upon all interested parties and file a certificate of service.*